19-CV-1125 (JS)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

DANIEL RAMOS,

Petitioner,

- against -

WILLIAM LEE,

Respondent.

RESPONDENT'S SUPPORTING AFFIDAVIT
AND MEMORANDUM OF LAW IN OPPOSITION TO
PETITION FOR WRIT OF HABEAS CORPUS

MADELINE SINGAS
District Attorney, Nassau County
*Attorney for Respondent*
262 Old Country Road
Mineola, New York 11501
(516) 571-3660

Cristin N. Connell
Brian Witthuhn
  Assistant District Attorneys
    *of Counsel*

# TABLE OF CONTENTS

Page

Respondent's Affidavit in Opposition to
   Petition for a Writ of Habeas Corpus ............................................................................i

Respondent's Memorandum of Law in Opposition to
   Petition for a Writ of Habeas Corpus

      Preliminary Statement ..........................................................................1

Point One
      Most Of The Grounds Defendant Asserts Fail To State A
      Cognizable Federal Claim .......................................................................2
            A. Defendant's Claim That The Victim Was Not A
               Swearable Witness Under C.P.L. § 60.20(2) Is Not
               Cognizable In This Proceeding.................................................2
            B. Defendant's Claim That The Court Failed To Respond
               Meaningfully To A Jury Note Is Not Cognizable In This
               Proceeding ............................................................................3
            C. Defendant's Claim That A Prior Consistent Statement
               Of The Victim Was Improperly Admitted Into
               Evidence Is Not Cognizable In This Proceeding.............................3
            D. Defendant's Weight-Of-The-Evidence Claim Is Not
               Cognizable In This Proceeding.................................................4
             E. Defendant's Claim That His Sentence Was Excessive Is
               Not Cognizable In This Proceeding..........................................5

Point Two
      Defendant's Claims That The Police Lacked Probable Cause To
      Arrest Him And That His Written Confession Was Involuntary
      Are Not Cognizable On Federal Habeas Review .................................6

Point Three
      Defendant Had A Full Opportunity To Confront The Witnesses
      Against Him And Present A Defense ...................................................8
            A. The Right To Present A Defense Claim................................8
            B. The Confrontation Clause Claim........................................ 11

Point Four
     Defendant's Received A Fair Trial.................................................................... 14

Conclusion...................................................................................................................17

Certificate of Service

UNITED  STATES  DISTRICT  COURT
EASTERN DISTRICT OF NEW YORK

DANIEL RAMOS

                              Petitioner,

        - against -

WILLIAM LEE,

                              Respondent.
_____

AFFIDAVIT IN OPPOSITON
TO PETITION FOR
A WRIT OF HABEAS CORPUS

19-CV-1125 (JS)

STATE OF NEW YORK )
                            ) ss.:
COUNTY OF NASSAU   )

CRISTIN N. CONNELL, being sworn, deposes and states as follows:

1.      I am an assistant district attorney, of counsel to Madeline Singas, Nassau County District Attorney, and am admitted to practice before this Court.

2.      This affidavit is submitted pursuant to the order of this Court, dated April 11, 2019, directing the respondent to show cause why a writ of habeas corpus should not be issued.

3.      By agreement with the New York State Attorney General, the Nassau County District Attorney is representing the respondent in this matter.

4.      Unless otherwise indicated, this affidavit is made upon information and belief, based upon the records and files of the Nassau County District Attorney's Office.

5.     On October 16, 2013, Crystal R. walked into her kitchen and found petitioner ("defendant"), a family friend, with her six-year-old daughter, C.V., whose pants and underwear were around her ankles. C.V. told Crystal that defendant had licked her vagina. Defendant was arrested and made three incriminating statements to police officers, including a lengthy written statement of admission. Forensic testing established to a certainty of one in 175,000,000 that defendant's DNA was on C.V.'s underwear. Furthermore, C.V.'s underwear and a vulva swab taken from C.V. contained saliva.

6.     Following a pretrial hearing, the court denied defendant's motion to suppress the statements he made to law enforcement and a buccal swab taken from him the night of his arrest. After trial, a jury convicted defendant of criminal sexual act in the first degree (New York Penal Law ["Penal Law"] § 130.50[3]) and endangering the welfare of a child (Penal Law § 260.10[1]). The court sentenced defendant to concurrent terms of imprisonment, the longer of which was fifteen years, and ten years' post-release supervision (Corrigan, J.).

7.     In August 2017, defense counsel, Dori Cohen, Esq., filed an appellate brief on defendant's behalf in the New York Supreme Court, Appellate Division, Second Department. Counsel argued the following points: (1) the trial court improperly found the victim swearable under New York Criminal Procedure Law [C.P.L.] § 60.20(2); (2) the court improperly rejected defendant's requests to recall Crystal for further cross-examination, thereby denying defendant his rights to present a

defense and confront the witnesses against him; (3) the court's failure to respond meaningfully to a jury note violated C.P.L. § 310.30; (4) the court's bias against defendant deprived him of a fair trial; (5) the court improperly allowed the People to elicit evidence that C.V. made a prior consistent statement; (6) the verdict was against the weight of the evidence; (7) the court imposed an excessive sentence; and (8) the court erroneously denied defendant's motion to suppress his statements of admission.

8.      On September 12, 2018, the Appellate Division unanimously affirmed the judgment of conviction. The court found that: (1) the victim was competent to give sworn testimony; (2) the trial court providently exercised its discretion in denying defendant's motion to recall Crystal for further cross-examination on a collateral matter; (3) the trial court meaningfully responded to a jury note by informing the jurors that the requested items were not in evidence; (4) the record contradicted defendant's claims of judicial bias; (5) the victim's prior consistent statement was properly admitted into evidence after defendant attacked the allegations as a recent fabrication; (6) the weight of the evidence supported the guilty verdicts; (7) the sentence was not excessive; and (8) defendant made his statements of admission when he was not subject to custodial interrogation or following the valid waiver of his *Miranda* rights, and, therefore, the statements were properly admitted into evidence. *People v. Ramos*, 164 A.D.3d 1267 (2d Dept. 2018).

9.      By letter to the Court of Appeals dated October 11, 2018, defendant sought leave to appeal regarding all the issues raised in his Appellate Division brief,

except for his excessive sentence and weight-of-the-evidence claims. The Court of Appeals denied leave on December 10, 2018. *People v. Ramos*, 32 N.Y.3d 1128 (2018).

10.     In a petition dated March 11, 2019, and filed in the United States District Court for the Eastern District of New York on March 14, 2019, defendant claims he is entitled to habeas relief for the same reasons argued in the Appellate Division. Defendant claims that: the trial court improperly found the victim swearable (Ground One); the court improperly rejected his requests to recall Crystal for further cross-examination, thereby depriving him of his rights to present a defense and confront the witnesses against him (Ground Two); the court's failure to respond meaningfully to a jury note violated C.P.L. § 310.30 (Ground Three); the court's bias against defendant deprived him of a fair trial (Ground Four); the court improperly allowed the People to elicit evidence that C.V. made a prior consistent statement (Ground Five); the verdict was against the weight of the evidence (Ground Six); the court imposed an excessive sentence (Ground Seven); and the court erroneously denied defendant's motion to suppress his statements of admission (Ground Eight).

11.     On April 11, 2019, this Court ordered respondent to show cause why a writ of habeas corpus should not be issued.

12.     The Court should deny defendant's petition. Five of defendant's eight claims fail to present a federal issue cognizable on habeas review (Grounds One, Three, Five, Six, and Seven). Defendant's Fourth Amendment claim (Ground Eight) is not cognizable here because defendant had a full and fair opportunity to litigate the

claim in state court. *See Stone v. Powell*, 428 U.S.465 (1976). The state court's rejection of defendant's remaining contentions (Grounds Two and Four) neither contradicted nor unreasonably applied clearly established federal law as determined by the United States Supreme Court, and those claims, therefore, do not entitle defendant to habeas relief. *See* U.S.C. § 2254(d).

WHEREFORE, on the basis of this affidavit and the attached memorandum of law, the petition for a writ of habeas corpus should be denied.

/s/Cristin N. Connell
CRISTIN N. CONNELL
Assistant District Attorney

Sworn to before me this
31st day of May, 2019

/s/Susan Beallias
Notary Public

SUSAN BEALLIAS
Notary Public, State of New York
No. 30-4728937
Qualified in Nassau County
Commission Expires April 30, 2022

UNITED  STATES  DISTRICT  COURT
EASTERN DISTRICT OF NEW YORK

DANIEL RAMOS,

                      Petitioner,        19-CV-1125 (JS)

      - against -

WILLIAM LEE,

                   Respondent.

_____


## RESPONDENT'S MEMORANDUM OF LAW


                          Respectfully submitted,

                          MADELINE SINGAS
                          District Attorney, Nassau County
                          *Attorney for Respondent*
                          262 Old Country Road
                          Mineola, New York 11501
                          (516) 571-3660


Cristin N. Connell
Brian Witthuhn
  Assistant District Attorneys
    *Of Counsel*

## PRELIMINARY STATEMENT

The facts underlying this case are set forth in respondent's accompanying affidavit and the Nassau County District Attorney's Office's brief responding to defendant's state court appeal ("Respondent's Brief") and are incorporated herein. The legal points that follow include additional relevant information.

<u>POINT ONE</u>

Most Of The Grounds Defendant Asserts Fail To State A Cognizable Federal Claim <u>(answering Grounds One, Three, Five, Six, and Seven of the Petition).</u>

This Court may grant habeas relief to a petitioner in custody pursuant to a state court judgment but in violation of the laws, treaties, or Constitution of the United States. *See* 28 U.S.C. § 2254(a). Thus, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 765 (1990). Most of defendant's claims are based on alleged state law errors and, therefore, fail to state cognizable federal issues.

A. Defendant's Claim That The Victim Was Not A Swearable Witness Under C.P.L. § 60.20(2) Is Not Cognizable In This Proceeding (answering Ground <u>One of the Petition).</u>

This Court may not review defendant's assertion that the state court improperly permitted the child-victim, under C.P.L. § 60.20(2), to give sworn trial testimony. *See* 28 U.S.C. § 2254(a); *Campbell v. Poole*, 555 F.Supp. 2d 345, 371-72 (W.D.N.Y. 2008) (finding that habeas petitioner's C.P.L. § 60.20(2) claim "ha[d] not identified any federal constitutional right which was abridged").

In any event, for the reasons set forth in the Appellate Division Respondent's Brief at pages 26-29, the state court properly exercised its broad discretion to find the victim swearable after she articulated the difference between the truth and a lie, the importance of telling the truth, and the possibility of punishment for false testimony. *See* C.P.L. § 60.20(2); *People v. Mendoza*, 49 A.D.3d 559, 560 (2d Dept. 2008).

B.  Defendant's Claim That The Court Failed To Respond Meaningfully To A Jury
    Note Is Not Cognizable In This Proceeding (answering Ground Three of the
    Petition).

Criminal Procedure Law § 310.30 requires a state trial court to respond
"meaningfully" to a jury note. *People v. Malloy*, 55 N.Y.2d 296, 302 (1982). Defendant's
claim that the court failed in that regard, however, alleges "solely a violation of state
law, beyond the purview of [federal courts], and not a constitutional violation." *Jones v.
Annucci*, 124 F.Supp. 3d 103, 130 (N.D.N.Y. 2015); *see* 28 U.S.C. § 2254(a).

In any event, for the reasons set forth in Respondent's Brief at page 35, the trial
court properly informed the deliberating jury that neither of the items it requested—a
911 call or the transcript thereof—was in evidence and had no obligation to offer an
unrequested readback of testimony. *See People v. Sanchez*, 160 A.D.3d 903 (2d Dept.
2018).

C.  Defendant's Claim That A Prior Consistent Statement Of The Victim Was
    Improperly Admitted Into Evidence Is Not Cognizable In This Proceeding
    (answering Ground Five of the Petition).

Defendant's assertion that the admission into evidence of the victim's prior
consistent statement improperly bolstered her testimony implicates no federal
constitutional issues. In his appellate brief (*see* Defendant's Brief at 42-46), leave letter
to the Court of Appeals (*see* Leave Letter at 5-6), and even now in his habeas petition
(Defendant's Addendum at 8-9), defendant has exclusively alleged an improper
evidentiary ruling, and *not*, for example, a deprivation of his right to present a

complete defense. *Smith v. Duncan*, 411 F.3d 340, 347-50 (2d Cir. 2005) (distinguishing between preclusion or admission of prior consistent statement as evidentiary error and right-to-present-defense error). Accordingly, this Court may not review defendant's claim. *See* 28 U.S.C. § 2254(a); *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir. 2006) (finding that habeas corpus relief does not lie for state court erroneous evidentiary rulings); *Warren v. Conway*, 07-CV-4117, 2008 WL 4960454, at *21 (E.D.N.Y. Nov. 18, 2008) (holding that habeas relief was unavailable for claim that court improperly admitted bolstering testimony).

Regardless, for the reasons set forth in Respondent's Brief at pages 36-38, the state court properly allowed the prior consistent statement into evidence to rebut defendant's express, repeated attacks on the victim's testimony as a recent fabrication. *See People v. McDaniel*, 81 N.Y.2d 10, 18 (1993).

D. Defendant's Weight-Of-The-Evidence Claim Is Not Cognizable In This Proceeding (answering Ground Six of the Petition).

Federal habeas courts have no power to review a petitioner's claim that the weight of the evidence did not support the jury's verdict. *See* 28 U.S.C. § 2254(a); *McPhillips v. People*, 17-CV-1471 (JFB), 2019 WL 102095, at *6 (E.D.N.Y. Jan. 4, 2019). This Court, therefore, may not review defendant's weight-of-the-evidence claim.

As the Appellate Division unanimously agreed, in any event, the trial evidence supported the guilty verdicts. *See Ramos*, 164 A.D.3d at 1268. The victim testified compellingly as to defendant's conduct, the victim's mother testified that she entered

the room moments after the offense occurred and saw defendant with her half-naked daughter, defendant made a full statement of admission to the investigating detective, and uncontroverted forensic evidence established that defendant's DNA was on the victim's underwear and that saliva was on her underwear and vagina. *See* Respondent's Brief at 9-15, 39-44.

### E. Defendant's Claim That His Sentence Was Excessive Is Not Cognizable In This Proceeding (answering Ground Seven of the Petition).

Upon his conviction of criminal sexual act in the first degree (Penal Law § 130.50[3]), a class B felony, defendant faced a maximum sentence of twenty-five years in prison and a minimum of five. *See* Penal Law § 70.02(3)(a). The state court split the difference, imposing a term of fifteen years' incarceration (S.19).[1] Because defendant's sentence fell within the range set forth by state law, his excessive sentence claim is not cognizable in this Court. *See* 28 U.S.C. § 2254(a); *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."); *Nedd v. Bradt*, 13-CV-5569 (CLP), 2019 WL 2124889, at *22 (E.D.N.Y. May 15, 2019) (same).

---

[1] Numbers in parentheses preceded by "S," "H," or "T" refer, respectively, to pages of the state court sentencing, hearing, or trial transcripts.

POINT TWO

Defendant's Claims That The Police Lacked Probable Cause To Arrest Him And That His Written Confession Was Involuntary Are Not Cognizable On Federal Habeas Review (answering Ground Eight of the Petition).

A federal court may not grant habeas corpus relief on a Fourth Amendment claim where the petitioner was afforded an opportunity for full and fair litigation of the claim in state court. *Stone v. Powell*, 428 U.S. 465 (1976). New York's laws provide an adequate procedure by which a criminal defendant can seek review of Fourth Amendment claims. *See Capellan v. Riley*, 975 F.2d 67, 70 n.1 (2d Cir. 1992).

Here, defendant availed himself of that procedure by raising his Fourth Amendment claim in a pretrial suppression hearing (H.1-272) and on direct appeal. *See* Defendant's Brief at 62-65. He does not allege, and certainly does not establish, that an "unconscionable breakdown" in that underlying process precluded him from using it. *See Capellan*, 975 F.2d at 71. His Fourth Amendment claim, therefore, is not cognizable in this proceeding. *See Nealy v. Artest*, 08-CV-3483 (JFB), 2014 WL 726723, at *9 (E.D.N.Y. Feb. 25, 2014).

Defendant also disguises a factual dispute that the state court resolved against him as a Fourteenth Amendment claim. He argues that his confession was involuntary because he did not speak English well enough to understand the written statement of admission that he signed, and, therefore, the state court deprived him of due process by denying his suppression motion. *See* Defendant's Addendum at 14-15. In other

words, defendant alleges only that the state court misjudged his ability to understand his own confession in fact, not that his confession was involuntarily given as matter of law.

The state court, however, found that the testimony of the three police witnesses who testified at the suppression hearing—including the detectives who read defendant *Miranda* warnings and took his statement—was credible, and even though defendant *also* spoke Spanish, he had no difficulty reading, understanding, and communicating in English. *See* Respondent's Brief at 3-8, 24-25. Those factual findings "shall be presumed to be correct" in this federal habeas proceeding. U.S.C. § 2254(e)(1). Since the state court's resolution of the factual question against defendant was presumptively correct, this court—like the Appellate Division and Court of Appeals—should reject defendant's belated attempt to relitigate the issue. *See Miller v. Fenton*, 474 U.S. 104, 117 (1985) ("state-court findings on [factual issues] are conclusive on the habeas court," and separate from legal question of voluntariness); *Thompson v. Keohane*, 516 U.S. 99, 111-12 (1995) (deeming voluntariness of confession a question of law, but "what happened" issues entitled to presumption of correctness).

## POINT THREE

Defendant Had A Full Opportunity To Confront The Witnesses Against Him And Present A Defense (answering Ground Two of the Petition).

Defendant had a full opportunity to cross-examine Crystal, the victim's mother. After taking full advantage of that opportunity, he belatedly latched on to the fact that eight years prior to the instant trial, before C.V. was born, another man had sexually abused C.V.'s older brother. Defendant repeatedly moved to recall Crystal for further cross-examination regarding the prior abuse of the brother, purportedly to demonstrate that Crystal reacted hastily in this case after finding defendant with her half-naked daughter, who promptly stated that defendant had licked her vagina. The trial court applied settled evidentiary rules—the same under New York and federal law—and denied the motions, finding that evidence of the prior, unrelated abuse of the brother was collateral to the issues here and would tend to confuse the jury and unnecessarily prolong the trial. *See* Respondent's Brief at 17-18. This Court, like the Appellate Division, should reject defendant's claim that the trial court's routine exercise of its discretion to limit cross-examination on collateral matters deprived defendant of his rights to present a complete defense and confront the witnesses against him.

A. The Right To Present A Defense Claim.

The United States Supreme Court, in *Holmes v. South Carolina*, 547 U.S. 319 (2006), set forth limits on a defendant's right to present a defense:

> While the Constitution thus prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury. Plainly referring to rules of this type, we have stated that the Constitution permits judges to exclude evidence that is repetitive, only marginally relevant or poses an undue risk of harassment, prejudice, or confusion of the issues.

*Id.* at 326-27 (quotations and citations omitted). "Thus, even where the exclusion of evidence affects the defense case, [federal appellate courts] afford judges broad latitude 'in excluding evidence that poses an undue risk of harassment, prejudice [or] confusion of the issues . . . ." *United States v. Szur*, 289 F.3d 200, 217 (2d Cir. 2002) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 [1986]).

When considering a petitioner's claim that the state court deprived the petitioner of his right to present a complete defense, the habeas court must first examine whether the ruling was correct under state law. *Perez v. Phillips*, 210 Fed. Appx. 55, 57 (2d Cir. 2006). If the evidentiary ruling was correct under state law, the federal court must consider only whether the state evidentiary rule is "arbitrary or disproportionate to the purposes it is designed to serve." *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir. 2006) (quotations omitted).

New York's evidentiary rule mirrors Supreme Court authority: "trial courts retain wide discretion to limit cross-examination 'based on concerns about . . .

9

harassment, prejudice, confusion of the issues . . . or interrogation that is repetitive or only marginally relevant.'" *People v. Ashner*, 190 A.D.2d 238, 246 (2d Dept. 1993) (quoting *Van Arsdall*, 475 U.S. at 679).

Here, the trial court applied New York law correctly in denying defendant's motions to recall Crystal for further cross-examination regarding the prior sexual abuse of C.V.'s older brother by an unrelated defendant. *See* Respondent's Brief at 30-34. That evidence had scant probative value: (1) the case hinged on the veracity of C.V.'s complaint that defendant had licked her vagina, and, thus, any conclusions that Crystal may or may not have "jump[ed] to" (Defendant's Addendum at 3) were immaterial; and (2) Crystal need not have observed the prior sexual abuse of C.V.'s brother in order to fear the worst upon finding her six-year-old daughter naked from waist down, alone with defendant. Moreover, the court had significant reasons to deny defendant's recall application. The sexual abuse of C.V.'s brother took place eight years prior to the instant trial, before C.V. was born, and involved a different defendant, a different victim, and differences in the alleged conduct. Unsurprisingly, the Appellate Division agreed with the trial court that the evidence defendant sought to elicit was properly excluded because it was too collateral and would have caused unnecessary delay. *See Ramos*, 164 A.D.3d at 1268.

Given that the trial court correctly applied state law, the only question remaining for this Court is whether New York's evidentiary rule is "arbitrary or

disproportionate to the purposes it is designed to serve." *Hawkins*, 460 F.3d at 244 (quotations omitted). Of course, New York's rule can hardly be said to be arbitrary when it exactly tracks the United States Supreme Court's rule, noted above, permitting trial courts to preclude collateral, marginally relevant defense evidence. *See Holmes*, 547 U.S. at 326-27; *Van Arsdall*, 475 U.S. at 679. This Court, therefore, should reject defendant's claim that the state court deprived him of his right to present a defense.

B. The Confrontation Clause Claim.

The state court's denial of defendant's motion to recall Crystal for further questioning about the prior, unrelated sexual abuse of C.V.'s brother was a reasonable limitation on cross-examination, and not, as defendant argues, a deprivation of his Sixth Amendment right to confront the witnesses against him. *See* Defendant's Addendum at 3-5.

Where a state court has adjudicated a claim on the merits, a petition for habeas relief shall not be granted unless the state court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" (28 U.S.C. § 2254[d][1]) or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's decision is entitled to deference and the "federal habeas court is not empowered to grant the writ just because, in its

independent judgment, it would have decided the federal law question differently." *Aparicio v. Artuz*, 269 F.3d 78, 94 (2d Cir. 2001). Instead, habeas relief is inappropriate unless the state court's decision reflect[s] some additional increment of incorrectness such that it may be said to be unreasonable." *Id.*

It is well settled under Supreme Court precedent that "the Confrontation Clause guarantees *an opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). "The Confrontation Clause is unlikely to be violated when judges apply traditional rules of evidence that, for example, limit inquiry into collateral matters . . . ." *Felix v. Ercole*, 09-CV-4003 (ARR), 2010 WL 2606341, at *5 (E.D.N.Y. June 22, 2010).

Viewed independently, and certainly when viewed with the required deference, the state court's denial of defense counsel's attempts to cross-examine Crystal about the prior, unrelated sexual abuse of her other child was not contrary to, and did not involve an unreasonable application of, federal law. The ruling was an unremarkable application of settled evidentiary rules governing cross-examination on collateral matters. *See Holmes*, 547 U.S. at 326-27. Even accepting defendant's dubious argument that Crystal's concern upon finding defendant bending over C.V., who was naked from the waist down, was an "unusual reaction," and that the prior, unrelated abuse of C.V.'s brother precipitated that reaction (Defendant's Addendum at 3-4), Crystal's

reaction and its purported relation to the prior abuse of C.V.'s brother were utterly collateral and irrelevant to the issues the jury had to grapple with in this case: (1) the truth of C.V.'s allegation—maintained to Crystal, the police, the grand jury, and at trial—that defendant had licked her vagina; (2) the circumstances under which Crystal found defendant and C.V., without reference to how Crystal reacted; (3) the weight to accord defendant's three inculpatory statements, including his complete, signed written confession; and (4) the significance of uncontroverted forensic evidence, agreed upon by experts for the People and the defense, that C.V.'s underwear contained defendant's DNA, and that saliva was on the underwear and a *vulva swab* taken from C.V. *See* Respondent's Brief at 30-34.

In sum, defendant took full advantage of the opportunity to cross-examine the victim's mother. The state court's denial of his requests to recall Crystal for additional questioning—about the sexual abuse, eight years before trial, of a different victim, by a different defendant, involving different conduct—was not an unreasonable application of federal law permitting preclusion of cross-examination on marginally relevant, collateral topics that might tend to confuse the jury.

POINT FOUR

Defendant Received A Fair Trial (answering Ground Four of the Petition).

Defendant perceived evidence of bias behind many of the court's rulings, no matter how routine. The record demonstrates that, in reality, the court made fair decisions, supported by law, throughout the trial. The court was not required to recuse itself simply because defendant opted to tilt at windmills.

To prevail on a claim of judicial bias, a habeas petitioner must show that he did not receive a trial "by an unbiased and impartial judge without a direct personal interest in the outcome of the hearing." *Ungar v. Sarafite*, 376 U.S. 575, 584 (1964). A judge's conduct "do[es] not constitute a basis for a bias or partiality motion unless [the judge] display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Thus, "judicial opinions alone almost never constitute a valid basis for a bias or partiality motion." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) (quotations omitted).

Defendant nonetheless bases his claim that judicial bias deprived him of a fair trial almost exclusively on allegedly incorrect rulings (*see* Defendant's Addendum at 5-7) even though adverse rulings rise to the level of a constitutional error only in the rare instances when they reveal a judge's "deep-seated favoritism or antagonism." *Liteky*, 510 U.S. at 555. The trial court's rulings here, in any event, were proper. *See* Respondent's Brief at 45-49.

14

The court, in accordance with the C.P.L. and New York Court of Appeals precedent, inspected subpoenaed, confidential therapy records of the victim and her brother *in camera* before disclosing a relevant page to the defense. *See* C.P.L. § 610.25(1); *People v. Gissendanner*, 48 N.Y.2d 543 (1979); Respondent's Brief at 46. The court also properly rejected defendant's request to subpoena certain police protocols as a fishing expedition for irrelevant material. *See Gissendanner*, 48 N.Y.2d at 549-50; Respondent's Brief at 47. And although defendant claims that the court, during summations, sustained the People's objections and overruled his own objections "without basis" (Defendant's Addendum at 6), the record reflects that the court correctly permitted the prosecutor's fair comments on the evidence while denying defense counsel's unwarranted, *ad hominem* attacks against the prosecutor. *See People v. Williams*, 29 N.Y.3d 84, 88 (2017); Respondent's Brief at 47-48. Lastly, the court meaningfully responded to a jury note by informing the jury that neither of the items it requested to review was in evidence. *See supra*, Point I(B); Respondent's Brief at 35.

Apart from the allegedly erroneous rulings, defendant argues that the trial court "yelled at," and made a sarcastic remark to, defense counsel and exhibited that it had "already decided the case in its mind" when determining defendant's motions to recall Crystal. Defendant's Addendum at 6-7. The record contradicts each of those contentions.

The court referred to DNA evidence and defendant's confession—the references that defendant claims showed its predetermination of the case—only to explain why cross-examination of Crystal on the sexual abuse of C.V.'s brother would be collateral to the issues at defendant's trial, and not to suggest that evidence of defendant's guilt was overwhelming (T.1099). *See* Respondent's Brief at 45-46. The record also shows that the episodes of purported sarcasm (T.639) and yelling (T.726) that defendant bemoans contained no injudicious remarks. *See* Respondent's Brief at 48-49.

Defendant lobbed accusations of judicial bias against the trial court seemingly every time he did not like a ruling, and he simply invented instances of judicial antagonism. All in all, in the face of defendant's indiscriminate accusations, the court remained remarkably even-handed. The Appellate Division, accordingly, did not unreasonably apply federal law when it rejected defendant's claim that the trial court's bias deprived him of a fair trial. *See* 28 U.S.C. § 2254(d)(1); *Ryer v. LaValley*, 14-CV-631 (DLI) (SMG), 2017 WL 541414, at *14-16 (E.D.N.Y. Jan. 20, 2017) (finding that state court's determination that alleged judicial misconduct did not meet high bar for deprivation of right to fair trial was not unreasonable application of federal law).

16

<u>CONCLUSION</u>

<u>The Petition For A Writ Of Habeas Corpus Should Be Denied.</u>

Dated:    Mineola, New York
          May 31, 2019

                                    Respectfully submitted,

                                    MADELINE SINGAS
                                    District Attorney, Nassau County
                                    *Attorney for Respondent*
                                    262 Old Country Road
                                    Mineola, New York 11501
                                    (516) 571-3800

                          By:    /s/Cristin N. Connell
                                 Cristin N. Connell

Cristin N. Connell
Brian Witthuhn
   Assistant District Attorneys
      *Of Counsel*

17

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 31, 2019, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon:

Daniel Ramos, DIN 15-A-3367
*Petitioner Pro Se*
Eastern NY Correctional Facility
30 Institution Road
P.O. Box 338
Napanoch, New York 12458-0338

MADELINE SINGAS
District Attorney, Nassau County
*Attorney for Respondent*
262 Old Country Road
Mineola, New York 11501
(516)571-3800

By:     /s/Cristin N. Connell
        CRISTIN N. CONNELL