**MADELINE SINGAS**
DISTRICT ATTORNEY

CONVICTION INTEGRITY DIVISION
Sheryl Anania, Executive

APPEALS BUREAU
Tammy J. Smiley, Chief

**OFFICE OF THE DISTRICT ATTORNEY**
**NASSAU COUNTY**

November 21, 2018

The Honorable Rowan D. Wilson
Judge of the Court of Appeals
Court of Appeals Hall
20 Eagle Street
Albany, New York 12207-1095

    Re:    Opposition To Criminal Leave Application
           *People v. Daniel Ramos*
           Nassau County Ind. No. 742N-14

Dear Judge Wilson:

      The Appellate Division applied settled law to the trial court's unremarkable exercises of discretion when it unanimously affirmed defendant's conviction. *People v. Ramos*, 2018 WL 4344534 (App. Div., 2d Dept., Sept. 12, 2018). By this letter, the People oppose defendant's application for leave to appeal to the Court of Appeals from the Appellate Division's order.

      On October 16, 2013, defendant pulled down the pants and underwear of his friend's six-year-old daughter and licked her vagina. Defendant was arrested, indicted, and convicted after a jury trial of criminal sexual act in the first degree (Penal Law § 130.50[3]) and endangering the welfare of a child (Penal Law § 260.10[1]). The court sentenced him to fifteen years' imprisonment.

      Review by the Court of Appeals is unwarranted. Defendant's claims are subject to only limited review, and the record amply supported the trial court's discretionary rulings and the Appellate Division's affirmance thereof. Furthermore, the claims defendant seeks to raise do not involve complex issues requiring guidance by the Court

of Appeals, unsettled law, disagreement among the appellate departments, or novel issues of statewide importance.

### A. Competency Of Child Witness

The trial court's determination that the child-victim was competent to give sworn testimony is subject to highly deferential appellate review. *See People v. Parks*, 41 N.Y.2d 36, 46 (1976) ("The resolution of the issue of witness competency is exclusively the responsibility of the trial court, subject to limited appellate review"). The trial court adhered to the enumerated factors of CPL § 60.20(2) when reaching its decision. Defendant supplies no compelling reason for the Court of Appeals to review the court's discretionary application of that statute.

### B. The Jury Note

The court's response to a jury note is subject to review only for an abuse of discretion. *See People v. Malloy*, 55 N.Y.2d 296, 303 (1982). The Appellate Division's determination that the trial court did not abuse its discretion was a straightforward application of the rule articulated in *Malloy*, that a court must respond "meaningfully" to a jury note. 55 N.Y.2d at 302. Here, the jury requested to hear a recording or view its transcript, neither of which was in evidence, and the court reached the sound decision to inform the jurors that the requested items were not in evidence. *See Ramos*, 2018 WL 4344534, at *2. For these reasons, defendant's claim does not merit review by the Court of Appeals.

### C. Defendant's Recall Motion

The court had broad discretion in resolving defendant's motion to recall the victim's mother for further cross-examination. *People v. Smith*, 27 N.Y.3d 652, 663 (2016); *People v. Flowers*, 102 A.D.3d 885, 885-86 (2d Dept. 2013). Here, the trial court properly exercised its discretion to limit testimony on a collateral matter. *See People v. Halter*, 19 N.Y.3d 1046, 1050 (2012); Resp. Br. at 30-34. This issue, therefore, does not deserve this Court's attention.

### D. The Court's Alleged Bias

Defendant bases his claim that "[i]t was imperative . . . for the trial court to recuse itself" (Leave Letter at 4) on a series of imagined slights, and the Appellate Division, unsurprisingly, found that "[t]he record does not support the defendant's contention that the Supreme Court acted with bias against him . . . ." *See Ramos*, 2018 WL 4344534, at *2; Resp. Br. at 45-49. The trial court's decision not to recuse itself, moreover, rested within its sound discretion and does not warrant review by the Court of Appeals. *See People v. Moreno*, 70 N.Y.2d 403, 405 (1987) ("absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal").

### E. Prior Consistent Statement

In resolving defendant's claim that the trial court improperly permitted the People to elicit evidence of a witness's prior, consistent statement, the Appellate Division applied the settled rule enunciated in *People v. McDaniel*, 81 N.Y.2d 10 (1993), that "[i]f upon cross-examination a witness'[s] testimony is assailed -- either directly or inferentially -- as a recent fabrication, the witness may be rehabilitated with prior consistent statements that predated the motive to falsify." *Id.* at 18. There is no reason for this Court to examine the Appellate Division's application of that rule here. Moreover, whether defendant's cross-examination of the witness permitted evidence of a prior, consistent statement was a "door-opening" issue for the trial court to decide in its discretion. *See People v. Massie*, 2 N.Y.3d 179, 184 (2004).

### F. Defendant's Motion To Suppress His Statements Of Admission

"The probable cause determination of the hearing court, which had the advantage of hearing and seeing the witnesses firsthand, is to be accorded great weight on appeal, and will not be disturbed unless clearly unsupported by the record." *People v. Francis*, 44 A.D.3d 788, 789 (2d Dept. 2007). Similarly, appellate courts should accord deference to the hearing court's determinations that defendant's statements of admission followed the valid waiver of his *Miranda* rights or did not result from custodial interrogation. *See People v. Prochilo*, 41 N.Y.2d 759, 761 (1977). The record here offered ample support for the hearing court's findings, and there is no reason for this Court to review those findings. *See Ramos*, 2018 WL 4344534, at *1; Resp. Br. at 22-25.

\* \* \*

The Appellate Division's application of settled law to the trial court's routine exercises of discretion does not warrant review by the Court of Appeals. Defendant's leave application should be denied.

Respectfully yours,

MADELINE SINGAS
DISTRICT ATTORNEY

By: _____

Brian Witthuhn
Assistant District Attorney
Appeals Bureau

cc: Dori Cohen, Esq.
*Attorney for Defendant*
Legal Aid Society of Nassau County
40 Main Street, 3rd Floor
Hempstead, New York 11550